**SAROYAN LUMBER COMPANY, INC.,** a California corporation, Plaintiff–counter–defendant–Appellant,

v.

**EL & EL PRODUCTS CORPORATION,** a corporate entity of unknown origin, Defendant–counter–claimant–Appellee.

No. 99–56565.
D.C. No. CV–98–00720–NM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided May 7, 2001.

Before HUG, DUHÉ,** and TALLMAN, Circuit Judges.

MEMORANDUM *

Saroyan Lumber sued El & El Wood Products, a former distributor of Saroyan's moldings, for copyright and trademark infringement, unfair competition, and breach of contract. Saroyan timely appeals the district court's grant of summary judgment in favor of El & El, which was based in part on the finding that Saroyan failed to demonstrate that it suffered any damages.

1. Admissibility of Unauthenticated Sales Documents.

■ Under the Federal Rules of Civil Procedure, declarations or affidavits are admissible for purposes of summary judgment if they are based on personal knowledge, they set forth "such facts as would be admissible in evidence," and they show that the declarant or affiant is "competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). The district court did not abuse its discretion in refusing to admit the declarations and exhibits that were attached to the declaration of Saroyan's attorney. *See Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987).

2. Rule 56(f) Request For a Continuance.

■ We review for abuse of discretion a district court's decision not to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f). *See Bank of Am. v. PENGWIN,* 175 F.3d 1109, 1118 (9th Cir.1999). "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Byrd v. Guess,* 137 F.3d 1126, 1131 (9th Cir.1998). During the summary judgment hearing, Saroyan asked for a

** Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

brief continuance to obtain a declaration that would authenticate its evidence, rendering it admissible. The district court did not abuse its discretion by denying Saroyan's 56(f) request for a continuance. Although denial under these circumstances is generally disfavored, Saroyan's motion was untimely since it did not occur *prior* to the hearing on the summary judgment motion. *See Ashton–Tate Corp. v. Ross*, 916 F.2d 516 (9th Cir.1990) (finding Rule 56(f) motion must be made prior to hearing); *VISA Int'l Serv. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986).

### 3. Evidence of Damages Sufficient to Preclude Summary Judgment.

■■■ We review a grant of summary judgment de novo. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). The district court found that "based on the undisputed facts, plaintiff fails to demonstrate any loss on its part, or gain on the part of El & El resulting from the infringement." Granting summary judgment based on the "undisputed facts" is not proper when the non-moving party has proffered admissible evidence disputing material facts. It is well established that the non-moving party is entitled to all justifiable inferences in its favor and that "at the summary judgment stage the judge's function is not himself to weigh evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The district court admitted into evidence the declaration of Mary Karpus, a former employee at El & El. Karpus testified that based on her personal knowledge, she was aware that El & El hired lumber mills to produce exact copies of the Premium Series, that El & El bought Premium Series samples from retailers in order to make these bootleg moldings, and that El & El had filled orders and was selling Premium Series profiles manufactured by mills other than Saroyan. It was not proper for the district court to discredit or disregard the evidentiary import of the admissible declaration of Mary Karpus on the issue of damages.

The testimony contained in this declaration would allow a rational trier of fact to find for Saroyan because it provides more than a scintilla of evidence that El & El profited from the undisputed copyright infringement and breach of contract. We reverse summary judgment on the copyright infringement and breach of contract claims because the admissible evidence is sufficient to create a genuine issue of fact as to whether Saroyan sustained damages.

### 4. Unfair Competition and Trademark Infringement.

■■■ In contrast, the admissible evidence is insufficient to create a genuine issue of fact relevant to the unfair competition or trademark infringement claims. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988) (holding that the ultimate test for unfair competition and trademark infringement is exactly the same). Karpus's declaration does not address whether El and El used the trademark "Premium Series" after terminating the distribution agreement or whether such unauthorized use was likely to confuse consumers. *See id.* (recognizing that the "crucial issue" is whether use of the mark is likely to confuse the public). Since the only piece of admissible evidence in the case does not implicate consumer confusion, the district court did not err in granting summary judgment on these claims. We affirm its grant of summary judgment on the trademark infringement and unfair competition claims.

Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.